UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENDRICK E. DULDULAO,**

    Plaintiff,

v.                                           Case No.  8:10-cv-2607-T-30AEP

**KENNEDY SPA, LLC and
OH CHIN HEE,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Second Motion for Summary Judgment (Dkt. 76).  The Court, having reviewed the motion, record evidence, and being otherwise advised in the premises, concludes the motion for summary judgment should be granted.

## BACKGROUND

On November 19, 2010, Plaintiff Duldulao initiated this action against Defendants Kennedy Spa, LLC, and Oh Chin Hee seeking declaratory and injunctive relief, attorney's fees, and costs for violations of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.*  The subject property is located at 3309 W. Kennedy Boulevard, Tampa, Florida.  Duldulao alleged twelve specific violations of 42 U.S.C. § 12818 *et. seq.* and 28 C.F.R. § 36.302 *et. seq.*  Both defendants answered the complaint, denying all allegations related to violations of the ADA.

On June 20, 2012, counsel for defendants filed an unopposed motion to withdraw because of a conflict of interest based on Defendant Hee's filing of an action to evict Defendant Kennedy Spa from the premises. The Court granted the motion and instructed Kennedy Spa to secure counsel within thirty days or be subject to default based on Local Rule 2.03(e) which requires a corporation be represented at all times. *See* Dkt. 54. On October 10, 2012, the Court again instructed Kennedy Spa to obtain counsel. Kennedy Spa failed to do so and a default judgment was entered against it on November 1, 2012. A copy of the default judgment was sent to Kennedy Spa; however, the clerk noted it was returned as undeliverable and there was no forwarding address available.

After the default judgment against Kennedy Spa was entered, the Court instructed the parties to mediate this case. To this date, Defendant Hee has failed to secure substitute counsel and has failed to appear or respond to any of the Court's orders since June 2012 when his counsel was permitted to withdraw. Duldulao now moves for summary judgment against Hee and submits his own affidavit and his expert Michael Tobias' Rule 34 inspection report in support of his motion.

Because Defendant Hee filed an answer denying violations of the ADA and does not have a default against him, the complaint's allegations are not deemed admitted for purposes of summary judgment. Duldulao's affidavit states in pertinent part:

> 2. I personally visited Kennedy Spa, located at 3309 W. Kennedy Boulevard, Tampa, Florida, on or about September, 2010, with the intention of using and patronizing the Defendant's facility, but was denied full and safe access to the architectural barriers at the facility.

> 3. Upon my visit to Kennedy Spa, I personally observed that all entrances to Kennedy Spa were inaccessible, including that the emergency exits were inaccessible, that the door handles were not accessible, there was no ADA compliant signs, and that there was no accessible parking.

Dkt. 74, ¶ 2 & 3.[1]

Expert Tobias' report identifies seven areas that are non-complaint with the ADA and 28 C.F.R. Part 36. First, the main service and transaction counters are at an inaccessible height of 50"which can be remedied by making a portion of it comply with the requirements of a maximum height of 34". Second, the restroom is inaccessible due to improper wheelchair turnaround clearance and can be renovated to allow the proper wheelchair space. Third, the entrances fail to have a ramp with a proper slope, railings, and signage. Fourth, the facility fails to have proper signage regarding what services are available. Fifth, there are multiple inaccessible routes within the facility which need to be reconfigured to allow a minimum of 36" wide clear paths of travel. Sixth, there are no ADA compliant mats. Seventh, there are no designated handicapped parking spaces in either the front or rear parking lots.

## **SUMMARY JUDGMENT STANDARD OF REVIEW**

A district court cannot grant summary judgment simply because it is unopposed. *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1100

---

[1] The answers correspond to his affidavit in that they state the same violations: all entrances were inaccessible, the emergency exits are inaccessible, the door handles are not accessible, there are no ADA compliant signs, and there is no accessible parking. He also specifies that the facility did not have a ramp. *See* Dkt. 18.

(11th Cir. 2004). Rather, the district court must consider the merits of the motion and determine that the motion is supported by evidentiary materials. *Id.*

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

## **DISCUSSION**

A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). To meet the burden of proof in discrimination cases focused on pre-existing buildings, a plaintiff must present evidence of a barrier, the removal of which is "readily achievable." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006). Once the plaintiff meets his burden, then the defendant bears the ultimate burden of persuasion that barrier removal is not "readily achievable." *Id.*

Unlike the default judgment against Defendant Kennedy Spa, the complaint's allegations are not deemed admitted against Defendant Hee. Thus, Duldulao had the burden to set forth record evidence showing he is entitled to judgment as a matter of law, which he has done by establishing a prima facie case of discrimination under Title III.

In his answer to the Court's interrogatories and his affidavit, Duldulao states he is permanently disabled by being wheelchair-bound without mobility of his legs. This sufficiently satisfies the first element of his prima facie case. Defendant Hee admitted in his answer that he is the owner of the subject property where services are provided to the public, thereby satisfying the second element of Duldulao's prima facie case. Duldulao satisfies prong three of his discrimination claim by the evidence offered through expert Tobias' Rule 34 report showing seven areas that fail to comply with the ADA. Defendant Hee has failed

to show that barrier removal of the seven aforementioned ADA violations are not readily achievable.

Accordingly, Duldulao is entitled to summary judgment on his claims for declaratory and injunctive relief and for an award of reasonable attorney's fees and costs.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Second Motion for Summary Judgment (Dkt. 76) is GRANTED.

2. Defendant Hee is directed to modify the subject property to make the facility fully ADA compliant and accessible to disabled individuals as described herein within three (3) months of the date of this Order.

3. Plaintiff may file a motion for reasonable attorney's fees and costs within fourteen (14) days of the date of this Order.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2607.grantsumjudgment.frm